UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
| In re: | : | |
| | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, | : | |
| | : | Case No. 12-12020 (MG) |
| Debtor. | : | |
------------------------------------------------------------x
| TOM FRANKLIN, | : | |
| | : | 1:15-cv-502 (ALC) |
| Appellant, | : | |
| | : | <u>ORDER</u> |
| -against- | : | |
| | : | |
| RESCAP LIQUIDATING TRUST, | : | |
| | : | |
| Appellee. | : | |
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Appellant Tom Franklin ("Franklin"), *pro se*, brought this appeal of a July 1, 2014 ruling made by Judge Martin Glenn of the United States Bankruptcy Court of the Southern District of New York ("Bankruptcy Court") on January 22, 2015.[1] (Dkt. No. 1). In that ruling, Judge Glenn construed Franklin's "Request that Tom Franklin [sic] Case be Allowed to Continue" as a motion to reinstate Claim No. 1195, which the Bankruptcy Court had previously expunged. *Id.* Judge Glenn denied the motion, finding that he lacked jurisdiction to consider it because Franklin's appeal of that decision to the Second Circuit—after the U.S. District Court for the Southern District of New York had denied his appeal—was pending. *Id.* Judge Glenn explained that "[f]iling a notice of appeal confers jurisdiction on the appellate court, and divests a trial court of jurisdiction to act on the matters that are subject to the appeal." *Id.* Judge Glenn further noted that the rule of divestiture applies to appellate review of bankruptcy

---

[1] The Court cites directly to documents as they appear on the Bankruptcy Court's docket, *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG) (S.D.N.Y. Bankr.) ("Bankr. Dkt.").

COPIES MAILED

proceedings. *Id.*

During the appeal before this Court, and after the deadline of March 9, 2015 for Franklin to file the Appellant Brief had passed, on March 18, 2015, Judge Glenn determined Franklin to be a "vexatious litigator" and enjoined him from making future filings in the Bankruptcy Court with respect to its chapter 11 proceedings. Bankr. Dkt. 8335. Franklin's appeal of that Order is now pending before Judge Edgardo Ramos of this Court. *In re Residential Capital, LLC, et al.*, No. 15 Civ. 2359 (S.D.N.Y. filed Mar. 30, 2015).

It is of no moment to the disposition of this appeal that Franklin did not file the Appellant Brief. In yet another[2] appeal by Franklin commenced in January 2015, Judge Colleen McMahon of this Court ruled that any exception taken by Franklin to any of Judge Glenn's July 2014 rulings "is untimely by several months" due to Fed. R. Bankr. P. 8002(a), requiring that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." *In re Residential Capital, LLC, et al.*, No. 15 Civ. 953 (S.D.N.Y. May 4, 2015). This Court lacks the authority to disturb the decision of another District Court adjudicating the same claim. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'") (citation omitted); *see also EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) ("Under the doctrine of *res judicata*, or claim preclusion, 'a final judgment on

---

[2] In addition to the instant appeal, Franklin has appealed at least five of the Bankruptcy Court's rulings to five different Judges of this District. *In re Residential Capital, LLC, et al.*, No. 13 Civ. 8317 (S.D.N.Y. May 1, 2014) (Engelmayer, J.) (denying Franklin's objections on the merits); *In re Residential Capital, LLC, et al.*, No. 15 Civ. 501 (S.D.N.Y. June 1, 2015) (Furman, J.) (dismissing action for failure to prosecute); *In re Residential Capital, LLC, et al.*, No. 15 Civ. 953 (S.D.N.Y. May 4, 2015) (McMahon, J.) (alternatively denying claims on procedural and substantive grounds); *In re Residential Capital, LLC, et al.*, No. 15 Civ. 2238 (S.D.N.Y. June 4, 2015) (Forrest, J.) (dismissing claim as frivolous); *In re Residential Capital, LLC, et al.*, No. 15 Civ. 2359 (S.D.N.Y. filed Mar. 30, 2015 S.D.N.Y. June 4, 2015) (Ramos, J.) (briefing pending).

the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") (citation omitted) (brackets omitted).   Moreover, even if Franklin's appeal were not precluded, the Court would reach the same conclusion: this action is untimely under Rule 8002(a).

For the aforementioned reasons, Franklin's appeal is DENIED and the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: New York, New York
June 22, 2015

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**